UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00430

**James Anthony Hunter,**
*Plaintiff,*

v.

**Sheriff Larry Smith et al.,**
*Defendants.*

# OPINION AND ORDER

Plaintiff James Anthony Hunter, a prisoner confined within the Texas Department of Criminal Justice (TDCJ) proceeding pro se and in forma pauperis, filed this civil-rights proceeding pursuant to 42 U.S.C. § 1983. The case was referred to a magistrate judge. Doc. 3.

## I. Procedural history

Plaintiff initiated this proceeding while incarcerated as a pretrial detainee within the Smith County Jail in August 2023. After plaintiff filed an amended complaint, the magistrate judge held a *Spears* hearing so plaintiff could testify under oath regarding the facts of his case under examination by the court. *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

After conducting the *Spears* hearing on January 17, 2024, the magistrate judge issued an order directing defendants Turn Key, Shoemaker, McCarver, Martin, and Stroud to answer or respond to plaintiff's claims. Doc. 30 at 1. The magistrate judge also issued a report recommending that plaintiff's claims against the other defendants—Smith, Pinkerton, Rhode, Saxon, Boller, and Smith County—be dismissed with prejudice for the failure to state a claim upon which relief may be granted. Doc. 32 at 6. The court accepted the magistrate judge's recommendation and dismissed

plaintiff's claims against those defendants for the failure to state a claim.[1] Doc. 43.

Defendants Martin, McCarver, Shoemaker, and Stroud subsequently filed a motion for summary judgment. Doc. 51. On March 26, 2025, the magistrate judge issued a report and recommendation that the motion be granted and that plaintiff's claims against those defendants be dismissed. Doc. 85 at 20. As plaintiff failed to present competent summary-judgment evidence showing that defendants violated a clearly established constitutional right, the magistrate judge found that defendants were entitled to qualified immunity. *Id.* at 19; *see Laviage v. Fite*, 47 F.4th 402, 408 (5th Cir. 2022) (granting qualified immunity when plaintiff "fails to identify a single case to support" a clearly established right (quotation marks omitted)). Plaintiff filed timely objections in April 2025. Doc. 89.

Defendant Turn Key filed a motion to dismiss plaintiff's claims. Doc. 73. On June 24, 2025, the magistrate judge issued a report and recommendation that the motion be granted and plaintiff's claims against Turn Key be dismissed with prejudice. Doc. 97 at 19. Despite the fact the court mailed the magistrate judge's report and recommendation on June 24, 2025, plaintiff did not file objections.

## II. Plaintiff's objections

Plaintiff objects to the recommendation (Doc. 85) to grant summary judgment in favor of defendants Martin, McCarver, Shoemaker, and Stroud. Doc. 89. Specifically, plaintiff challenges the magistrate judge's finding that defendants' motion for summary judgment is uncontested because he did not respond. He claims that he "stayed awake all night Sunday October 13, 2024, responding to defendants' motion for summary judgment." Doc. 89 at 1.

---

[1] As discussed *infra*, the docket did not recognize defendant Kettler as being dismissed upon the court's acceptance (Doc. 43) of the magistrate judge's report and recommendation (Doc. 32) dismissing all claims against defendant Kettler.

Plaintiff states that he recalls making copies and that a prison nurse on duty "proofread" the response. *Id.* at 2. Though plaintiff claims he has copies of the response, he notes that he has "not possessed his property . . . since November 2024 prior to being housed at a psychiatric facility." *Id.* at 3. Plaintiff also recalls "mailing six letters [on] October 14, 2025." *Id.* at 3. He insists that he placed his response to the motion in the mail. *Id.* Plaintiff does not otherwise respond to the substance of the magistrate judge's report.

### III. Analysis

The court reviews objected-to portions of the magistrate judge's report de novo. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). Conversely, when there are no timely objections, the court reviews it for clear error. *Id.*

Plaintiff misunderstands the docket. Though plaintiff filed numerous documents in this case, he did not file a response to the motion for summary judgment. Defendants filed their motion for summary judgment (Doc. 51) on September 7, 2024. On October 15, 2024, plaintiff filed a "motion for clerk entry of default" (Doc. 57) and a "motion clerk entry of default and to deny motion for summary judgment" (Doc. 56).

A few days later, the magistrate judge issued an order (Doc. 59) granting plaintiff's motion in part. That order set a deadline of December 2, 2024, to respond to defendants' motion for summary judgment. Doc. 59 at 1. Plaintiff received a copy of that order on October 28, 2024. Doc. 60. Plaintiff never filed his response.

Plaintiff subsequently filed numerous documents in this case: a motion for default judgment (Doc. 68), a response to defendant Turn Key's motion to dismiss (Doc. 76), a sur-reply on the same motion (Doc. 81), and eight notices of change of address (Docs. 66, 70, 77, 83, 86, 92, 95, 96).

In fact, plaintiff filed a motion for an extension of time and leave (Doc. 90) to refile a response to defendants' motion for summary judgment. The magistrate judge granted the motion on April

30, 2025, and directed plaintiff to file objections and any response to the motion for summary judgment by June 6, 2025. Doc. 93 at 2.

Plaintiff has not filed additional objections that incorporate his response to defendants' motion for summary judgment. Plaintiff's voluminous filings in this case demonstrate his ability to communicate with the court and respond to motions, orders, and notices.

Though plaintiff has shown his ability to access the court, the docket is devoid of plaintiff's response to defendants' motion for summary judgment. Accordingly, as the magistrate judge concluded, defendants' motion for summary judgment (Doc. 51) remains uncontested. *See* Fed. R. Civ. P. 56(e)(2). The time-period for responding to defendants' motion for summary judgment has long since expired. *See* E.D. Tex. Local Rule CV-7(e). Plaintiff does not otherwise respond to the substance of the report in his objections. Thus, plaintiff identifies no error as to the magistrate judge's findings on the motion for summary judgment.

For the reasons above, the court accepts the magistrate judge's report (Doc. 85) and overrules plaintiff's objections (Doc. 89). Defendants Martin, McCarver, Shoemaker, and Stroud's motion for summary judgment (Doc. 51) is granted. Plaintiff's claims against them are dismissed with prejudice.

Further, plaintiff did not file objections to the magistrate judge's report recommending that defendant Turn Key's motion to dismiss (Doc. 73) be granted. Therefore, the court reviews the report only for clear error. *See Douglass*, 79 F.3d at 1420. Having reviewed the magistrate judge's report (Doc. 97) and discovering no clear error, the court accepts its findings and recommendation. Defendant Turn Key's motion to dismiss (Doc. 73) is granted, and plaintiff's claims against it are dismissed with prejudice.

Finally, the court now accepts the magistrate's recommendation to dismiss all claims against defendant Kettler, Doc. 32 at 6, in the present order. Further, because plaintiff has failed to establish a cause of action against defendants Martin, Shoemaker,

- 4 -

McCarver, and Stroud, it is appropriate to dismiss any remaining claims against defendant Kettler. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) ("where a defending party establishes that plaintiff has no cause of action . . . this defense generally inures to the benefit" of a defendant who did not join the motion). For these reasons, all claims against defendant Kettler are dismissed with prejudice. Plaintiff's case is therefore dismissed. Any pending motions are denied as moot.

*So ordered by the court on August 14, 2025.*

J. CAMPBELL BARKER
United States District Judge